UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ROZENGARD,[1]

    Plaintiff,

v.

JAMES CHLEBOWKSI,

    Defendant.

Case No. 25-10034
Honorable Laurie J. Michelson

**OPINION AND ORDER DISMISSING THE COMPLAINT [1] AND DENYING PENDING MOTIONS AS MOOT [3, 9, 10, 11]**

On January 7, 2025, Bryan Rozengard filed this *pro se* 42 U.S.C. § 1983 lawsuit alleging that, back in 2014, Deputy James Chlebowski arrested him without a warrant in violation of his due process rights. But because Rozengard waited over ten years to file this lawsuit, his claims are now barred by the statute of limitations. Accordingly, for the reasons stated below, the Court dismisses Rozengard's complaint as untimely (ECF No. 1) and denies his pending motions as moot (ECF Nos. 3, 9, 10, 11).

**I.**

The Court starts with Rozengard's failure to pay the filing fee. The Prison Litigation Reform Act requires a prisoner who wishes to file a complaint in federal

---

[1] On March 11, 2025, Rozengard filed a document titled "Request to Correct Name and to Opt out of Early Mediation Program" (ECF No. 8) where he advised that his first name was misspelled in the case caption. Accordingly, the Court orders that the Clerk of the Court amend the case caption to reflect the correct spelling of his name.

court without prepayment of fees and costs to file an affidavit of indigency and a certified copy of his prison trust fund account statement for the six-month period immediately preceding the filing of the complaint. *See* 28 U.S.C. § 1915(a).

On the same day Rozengard filed this lawsuit, he submitted a signed certification from an authorized official and a current statement of his trust fund account showing transactions for the past twelve months. (ECF No. 2.) Rozengard also attached a signed affidavit stating that he is indigent. (*Id.*) After review, the Court finds that this information is sufficient to allow Rozengard to proceed *in forma pauperis*.

But when a Court allows a *pro se* litigant to proceed *in forma pauperis* under 28 U.S.C. § 1915, it has an additional responsibility: screen the complaint and decide whether it is "frivolous or malicious," "fails to state a claim on which relief may be granted," or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997).

In deciding whether a complaint states a claim upon which relief may be granted the Court "construes the complaint in the light most favorable" to Rozengard and determines whether his "complaint 'contain[s] sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face.'" *See Heinrich v. Waiting Angels Adoption Servs., Inc.*, 668 F.3d 393, 403 (6th Cir. 2012) (quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009)).

A *pro se* litigant's complaint must be construed "liberally," *Erickson v. Pardus*, 551 U.S. 89 (2007) (per curiam) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)), i.e., read "indulgently," *Ruiz v. Hofbauer*, 325 F. App'x 427, 429–30 (6th Cir. 2009) (*citing Haines v. Kerner*, 404 U.S. 519, 520 (1972)). But the Court's leniency is "not boundless." *Martin v. Overton*, 391 F.3d 710, 714 (6th Cir. 2004). Basic pleading requirements "apply to self-represented and counseled plaintiffs alike." *Id.*

## II.

On October 5, 2014, Chlebowski arrested Rozengard without a warrant in Bay County, Michigan. According to Rozengard, Chlebowski "did not file a complaint in any courts regarding that arrest, and no record of that exists." (ECF No. 1, PageID.3.) This, Rozengard says, violated his due process rights under the Fifth and Fourteenth Amendment. (*Id.* at PageID.8.) He also argues that, as an individual arrested without a warrant, he was entitled to be brought before a judge for a probable cause hearing under Mich. Comp. Law § 764.13, but that such a hearing never occurred. (*Id.* at PageID.8–9.) For these violations, Rozengard seeks 4.3 million dollars in damages. (*Id.* at PageID.13.)

## III.

It is clear from the face of the complaint that Rozengard's claims are barred by the relevant statute of limitations.

While § 1983 provides for a federal cause of action, it does not contain an express statute of limitations. Instead, it borrows the statute of limitations for personal injury actions from the state where the injury arose. *Wallace v. Kato*, 549

3

U.S. 384, 387–88 (2007). Here, Rozengard claims that he was wrongfully detained in Michigan. And in Michigan, the statute of limitations on a personal-injury tort is three years. *See Pratt v. KSE Sportsman Media, Inc.*, 586 F. Supp. 3d 666, 672 (E.D. Mich. 2022) (citing Mich. Comp. Laws § 600.5805).

Accrual of the claim for relief, however, is a question of federal law. *Collyer v. Darling*, 98 F.3d 211, 220 (6th Cir. 1996); *Sevier v. Turner*, 742 F.2d 262, 272 (6th Cir. 1984). And the limitations period "starts to run when the plaintiff knows or has reason to know of the injury which is the basis of his action." *Miner v. Ogemaw Cnty. Rd. Comm'n*, 625 F. Supp. 3d 640, 653 (E.D. Mich. 2022) (quoting *McNamara v. City of Rittman*, 473 F.3d 633, 639 (6th Cir. 2007)).

A claim barred by the statute of limitations is subject to dismissal for failure to state a claim. *See Jones v. Bock*, 549 U.S. 199, 215 (2007) ("If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim."); *Cataldo v. U.S. Steel Corp.*, 676 F.3d 542, 547 (6th Cir. 2012) (finding that when a complaint on its face is barred by the statute of limitations, it fails to state a claim).

Here, Rozengard knew or should have known of his alleged injuries arising from his warrantless arrest back in October of 2014. *See Wallace,* 549 U.S. at 390 n.3 (finding that a falsely imprisoned person is has a right to sue on his first day of detention); *Cooey v. Strickland*, 479 F.3d 412, 422 (6th Cir. 2007) ("[T]he test is whether he knew or should have known based upon reasonable inquiry, and could have filed suit and obtained relief."). So Rozengard's deadline to file a lawsuit would

4

have been three years later, in October of 2017. But Rozengard did not file his complaint until well past that deadline, over seven years later in January of 2025.

Rozengard recognizes that the limitations period poses a problem for him and presents two arguments why the limitations period should be tolled. (ECF No. 1, PageID.11.) Neither persuades.

First, Rozengard argues that the limitations period has not yet started to run because he is still incarcerated. (*Id.*) But Rozengard's status as a prisoner does not toll the limitations period. *See Manning v. Bolden*, 25 F. App'x. 269, 271 (6th Cir. 2001) ("[E]ffective April 1, 1994, the Michigan legislature amended the statute in order to abolish imprisonment as a disability that would toll the accrual of the statute of limitations."); Mich. Comp. Law § 600.5851. Second, he argues that the limitations period has not started to run because Chlebowski prevented him from filing a complaint in the courts. But Rozengard provides no factual basis to support this argument and fails to offer any details explaining why he was unable to seek relief sooner.

Accordingly, since Rozengard did not file this lawsuit until over ten years after his alleged injuries, his claims are untimely.

## IV.

For the reasons stated above, Rozengard's complaint is DISMISSED WITH PREJUDICE pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A.

Further, Rozengard's Motion for Injunctive Order (ECF No. 3), Motion for summary judgment (ECF No. 9), Request to Opt out of Early Mediation (ECF No. 8),

5

Motion to Lift Stay and Opt Out of Early Mediation (ECF No. 10), and Motion to Address Potential Re-Characterization of 1983 (ECF No. 11) are DENIED as moot.

A separate judgment will follow.

SO ORDERED.

Dated: April 24, 2025

s/Laurie J. Michelson  
LAURIE J. MICHELSON  
UNITED STATES DISTRICT JUDGE