UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

BRYAN ROZENGARD,

    Plaintiff,

v.

JAMES CHLEBOWSKI,

    Defendant.

Case No. 25-10034
Honorable Laurie J. Michelson

---

**ORDER DENYING PLAINTIFF'S MOTION FOR RECONSIDERATION [15] AND DENYING PENDING MOTIONS AS MOOT [16, 17]**

---

On October 5, 2014, Bryan Rozengard, then 19 years of age, was arrested after he was discovered in bed with a thirteen-year-old female. *People v. Rozengard*, No. 331140, 2017 WL 1683650, at *3 (Mich. Ct. App. May 2, 2017). More than ten years later, Rozengard filed this *pro se* 42 U.S.C. § 1983 lawsuit challenging this warrantless arrest. (ECF No. 1.) The Court found, from the face of the complaint, that Rozengard's claims were barred by the statute of limitations and thus, dismissed the complaint as untimely. (ECF No. 12.)

Rozengard now seeks reconsideration of that ruling. (ECF No. 15.) The essence of the motion is that Rozengard received a copy of his complete court file from the State Appellate Defender Office in January 2024 and that, after going through it in March 2024, Rozengard found a "Bond Conditional Release Order" that he believes supports his contention that his 2014 arrest was unconstitutional. (*Id.* at PageID.136.) The merits of this argument are unclear. It appears Rozengard was

arrested in 2014 "for a bond violation in an unrelated proceeding." *Rozengard*, 2017 WL 1683650, at *4. The bond order that Rozengard now relies on states that "all conditions apply—no contact with Katherine Bothe *or anyone under the age of 18 years*." (ECF No. 15, PageID.159 (emphasis added).) Thus, the order would seem to support his arrest.

But, in any event, Rozengard did not include any of these allegations in his complaint. (*See* ECF No. 1.) And a motion to alter the judgment under Federal Rule of Civil Procedure Rule 59(e) "may not be used to relitigate old matters, or to raise arguments or present evidence that could have been raised prior to the entry of judgment." *Brumley v. United Parcel Serv., Inc.*, 909 F.3d 834, 841 (6th Cir. 2018) (quoting *Exxon Shipping Co. v. Baker*, 554 U.S. 471, 486 n.5, (2008)).

Moreover, the bond order that Rozengard now relies on was entered on February 18, 2014. (*Id.*) While Rozengard did not review it until 2025, his complaint, like his motion for reconsideration, fails to allege that he could not have reviewed it and discovered his purported injury much sooner through due diligence. *See Thornton v. Miles*, 65 F. App'x 997, 998 (6th Cir. 2003); *see also GenCorp, Inc. v. Am. Int'l Underwriters*, 178 F.3d 804, 834 (6th Cir. 1999) ("To constitute 'newly discovered evidence,' the evidence must have been previously unavailable."). Thus, the Court finds no error in its prior ruling that "Rozengard knew *or should have known* of his alleged injuries arising from his warrantless arrest back in October of 2014." (ECF No. 12, PageID.129 (emphasis added).) As such, there is no basis to alter the judgment.

For these reasons, Rozengard's motion for reconsideration (ECF No. 15) is DENIED and his related motions to establish record (ECF No. 16) and for immediate consideration (ECF No. 17) are DENIED as moot.

SO ORDERED.

Dated: August 18, 2025

                                            s/Laurie J. Michelson
                                            LAURIE J. MICHELSON
                                            United States District Judge